NOT FOR PUBLICATION NOT FOR PUBLICATION 
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 96-1745

CARL M. BERKE, ET AL.,
Plaintiffs, Appellants,

v.
TAMBRANDS, INC.,

Defendant, Appellee.


No. 96-1830
DAVID A. FOX,

Plaintiff, Appellant,
v.

TAMBRANDS, INC.,
Defendant, Appellee.


APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Robert B. Collings, U.S. Magistrate Judge] 


Before

Boudin, Circuit Judge, 
Aldrich, Senior Circuit Judge, 

and Lynch, Circuit Judge. 


James E. Grumbach with whom Marc E. Verzani and Zimble & 
Brettler, LLP were on consolidated briefs for appellants. 
Roger E. Podesta with whom Harry Zirlin, Debevoise & Plimpton, 
Richard L. Nahigian and Sullivan, Sullivan & Pinta were on 
consolidated brief for appellee.



April 24, 1997


Per Curiam. Plaintiffs appeal from the district court's 

summary judgment dismissal of their claims, most importantly

that stock options and other incentive compensation promised

by their employer, Tambrands Inc., should have been

accelerated--rather than forfeited--when Tambrands sold its

subsidiary Hygeia Sciences, Inc., the company for which the

plaintiffs directly worked. Plaintiffs dispute the district

court's reading of the underlying contracts; they also

challenge several discovery rulings.

After reviewing the briefs and the record, we conclude

that the district court's thorough opinion correctly analyzed

and resolved the questions presented. We affirm for

substantially the reasons given below, separately discussing

below only three points which were not squarely addressed in

the district court. Some of the issues presented by the

appeal are fairly debatable, but we see no reason to repeat

in our words explanations that have been ably provided by the

district court. 

1. Plaintiffs argue on appeal that three plaintiffs who

continued working for Hygeia until the date on which their

options would have vested if they had remained in Tambrands'

employ completed the requisite vesting period. They assert

that the contractual requirement of two years' continued

employment with "the Company," defined as "Tambrands and its

subsidiaries," should be understood to mean employment by

-2- -2-

Tambrands and/or the subsidiaries it had at the time the

options were granted--not at the time of exercise.

This theory, although mentioned in the complaint, was

not discussed at length by the magistrate judge, who directed

his attention to a broader claim, namely, that the sale

triggered an acceleration of the options. However, assuming

that the present theory was fully preserved, at the end of

two years the plaintiffs were no longer working either for

Tambrands or a subsidiary of Tambrands, and therefore their

options lapsed under the contract, which allowed exercise

"only during the continuance of that Participant's employment

by the Company."

2. In the district court, in addition to express

contract claims, the plaintiffs pressed implied contract,

unjust enrichment and quantum meruit claims. They based

these latter claims on their allegation that they had made

unusual efforts in support of the planned sale of Hygeia

during 1989 and 1990 and as a result deserve, or were

impliedly promised, the reward of acceleration of their

options. On appeal, they have recast this theory, arguing

that their contracts were impliedly modified, or

alternatively that Tambrands' continuation of its incentive

compensation programs during 1989 and 1990 either estops

Tambrands from refusing acceleration or constitutes a waiver

of any right to refuse acceleration.

-3- -3-

However, we agree with the district court's conclusion

that the plaintiffs could not prove either that they could

reasonably have expected acceleration, or that the defendants

promised acceleration, in exchange for their sales efforts.

We think that this conclusion supports dismissal of

plaintiffs' modification, estoppel and waiver arguments, as

well as the implied contract and related claims more clearly

asserted in the district court and addressed by the

magistrate judge's opinion.

3. Finally, plaintiffs contend on appeal that public

policy considerations justify accelerating their options.

They cite an Iowa case involving somewhat similar facts,

Hilgenberg v. Iowa Beef Packers, Inc., 175 N.W.2d 353, 362-63 

(Iowa 1970). In that case, a company that had promised

options to employees sold one of its plants to new owners

before the options vested. In the subsequent lawsuit, the

court permitted the employees of the plant to exercise a

portion of their options, even though the supposed vesting

occurred after sale of the plant. The court relied heavily

upon public policy.

The difficulty is that the present agreement is governed

by New York law as to the contract claims and Massachusetts

law as to noncontractual claims. The New York and

Massachusetts cases that are cited to us are not in point,

and our independent research suggests that the case law in

-4- -4-

these two states does not carry the public policy argument

quite as far as Hilgenberg. See Carlson v. Viacom Int'l 

Inc., 566 F. Supp. 289, 290-91 (S.D.N.Y. 1983); McCone v. New 

England Tel. & Tel. Co., 471 N.E.2d 47, 49-50 (Mass. 1984). 

Affirmed. 

-5- -5-